**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

W. ALVIN JACKSON, RITA F. JACKSON,
ANGELA O'MARA, BRIAN DAVIS, KELLI
DAVIS, DAVID PATTERSON, TANJA            Case Number: 09-10779
DEHOFF, JAMIE HARNETT, JIM
SCHAEFER, LAURA SCHAEFER, CARISSA        JUDGE PAUL D. BORMAN
ROMAN, DANIEL ROMAN, JANET               UNITED STATES DISTRICT COURT
ROLLINS and COLETTE GIVINS,

          Plaintiffs,

v.

MIKE BUTLER, KATHY BUTLER, DANIEL
FRAGEN and PRS FRANCHISE SYSTEMS,
LLC,

          Defendants.
_____ /

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

    Before the Court is Defendants Mike Butler, Kathy Butler, Daniel Fragen and PRS Franchise Systems' ("Defendants") Motion to Dismiss/for Summary Judgment, filed April 15, 2009. (Doc. No. 4). The motion has been fully briefed and this Court heard oral argument on July 2, 2009. For the reasons discussed below, the Court **GRANTS** Defendants' motion to dismiss.

**I. BACKGROUND**

    Plaintiffs W. Alvin Jackson, Rita F. Jackson, Angela O'Mara, Brian Davis, Kelli Davis, David Patterson, Tanja DeHoff, Jamie Harnett, Jim Schaefer, Laura Schaefer, Carissa Roman, Daniel Roman, Janet Rollins and Colette Givins all purchased franchises from Defendant PRS Franchise Systems. (Compl. ¶ 24). Alvin and Rita Jackson are Georgia residents, but were residents

1

of Michigan when they bought their franchise. (*Id.* at ¶¶ 1-2). Angela O'Mara is a resident of California. (*Id.* at ¶ 3). Brian and Kelli Davis are residents of Texas. (*Id.* at ¶¶ 4-5). David Patterson, Tanja DeHoff, and Jamie Harnett are residents of Hawaii. (*Id.* at 6-8). Jim and Laura Schaefer are residents of South Carolina. (*Id.* at ¶¶ 9-10). Carissa and Daniel Roman and Janet Rollins are residents of North Carolina. (*Id.* at ¶¶ 11-13). Colette Givens is a resident of Illinois. (*Id.* at ¶ 14). Plaintiffs aver that the "original injury" occurred in Oakland County, Michigan. (*Id.* at ¶ 19).

Individual defendants Mike and Kathy Butler and Daniel Fragen are residents of North Carolina. (*Id.* at ¶¶ 16-18). Defendant PRS Franchise Systems, LLC ("PRS") is a North Carolina limited liability company. (*Id.* at ¶ 19).

Between 2006 and 2008, Mike and Kathy Butler and Daniel Fragen ("individual defendants"), promoters for PRS, recruited Plaintiffs to be franchisees. (*Id.* at ¶ 24). The individual defendants promoted PRS as an "opportunity to own their own marketing business called the PRstore in which franchisees would be awarded PRstore franchisees [sic] in consideration for a franchise fee." (*Id.* at ¶ 25). Plaintiffs accuse the individual defendants of providing false and misleading financial information, falsely promising that PRS would institute a national advertising campaign to promote the PRstore brand and that PRS would assist Plaintiffs in successfully operating their franchises. (*Id.* at ¶¶ 25-30). Plaintiffs allege that the Defendants engaged in racketeering, fraud, and violations of the Michigan Franchise Investment law in Michigan. (*Id.* at ¶¶ 33-34, 41, 53, 60).

Defendants filed the instant motion to dismiss, or in the alternative, for summary judgment on April 15, 2009. (Doc. No. 4). Defendants move to dismiss Plaintiffs' complaint on two separate

grounds: 1) venue is improper; and 2) the parties are bound by a mandatory arbitration provision. (Defs.' Mot. 4).

## II. ANALYSIS

### A. The Arbitration Provision

This Court finds that the arbitration provision issue to be dispositive.

Defendants argue that Plaintiffs' complaint should be dismissed because the franchise agreement contains a mandatory arbitration clause, which applies to Plaintiffs, PRS and the individual Defendants. (Defs.' Br. 10). Plaintiffs respond that Defendants have misconstrued the arbitration provision and, "the arbitration clause states only cases between Franchisor and its Affiliates, including the Affiliates' respective shareholders, officers, directors, agents, and/or employees and cases between the Franchisor and the Franchisee and the Franchisee's owners, guarantors, affiliates, and/or employees, are to go to arbitration." (Pls.' Br. 10).

"Federal law favors arbitration." *Landis v. Pinnacle Eye Care*, *LLC*, 537 F.3d 559, 561 (6th Cir. 2008) (citing Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"). Under the FAA, 9 U.S.C. § 2, a written agreement to arbitrate a dispute arising out of a contract involving transactions in interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Courts must examine the arbitration clause language in light of the strong federal policy in favor of arbitration. *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). Thus, "any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration." *Id.*

> When considering a motion to stay proceedings and compel arbitration under the Act, a court has four tasks: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those

claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout*, 228 F.3d at 714.

In this case, Plaintiffs only dispute the first "task" assigned to the Court: whether the parties agreed to arbitrate. Plaintiffs argue they only agreed to arbitrate cases between the Franchisor and the Franchisee, and the individual Defendants are not included in the arbitration agreement. Plaintiffs have misinterpreted the language of the arbitration clause. The arbitration clause reads, in relevant part:

> 22.8 ARBITRATION
> Franchisor and Franchisee agree that, except for controversies, disputes, or claims related to or based on improper use of the Marks or Confidential Information, all controversies, disputes, or claims **between Franchisor and its Affiliates, and their respective shareholders, officers, directors, agents, and/or employees, and Franchisee (and/or its owners, guarantors, affiliates, and/or employees)** arising out of or related to:
> (1) this Agreement or any other agreement between Franchisor and Franchisee;
> (2) Franchisor's relationship with Franchisee;
> (3) the validity of this Agreement or any other agreement between Franchisor and Franchisee; or
> (4) any standard, specification, or operating procedure for PRstore business;
> must be submitted to binding arbitration, on demand of either party, to the American Arbitration Association ("AAA").

(Defs.' Br. Ex. B, Franchise Agreement) (emphasis added).

Plaintiffs would have this Court read the arbitration clause as only governing disputes between the Franchisor and its Affiliates and the Franchisor and Franchisee. Such a reading is contrary to the basic rules of grammar. The arbitration clause binds the Franchisor, its Affiliates, and the Franchisor's and its Affiliates' shareholders, officers, directors, agents, and/or employees to arbitrate disputes with Franchisees. The clause "their respective shareholders, officers, directors, agents, and/or employees" modifies both Franchisor and Affiliates, not only Affiliates as Plaintiffs

argue. Moreover, an ambiguity must be resolved in favor of arbitration. *Stout*, 228 F.3d at 714. Accordingly, the Court finds that the arbitration provision encompasses the dispute in the instant case because the dispute involves Franchisees, the Franchisor, and the Franchisors' employees. Thus, this matter must be arbitrated according to the arbitration clause.

Plaintiffs also contend that this Court should not enforce the arbitration clause because Plaintiffs were fraudulently induced into entering into the arbitration agreement. (Pls.' Br. 12). However, in order to void an arbitration clause, Plaintiffs' complaint must contain a "'well-founded claim of fraud in the inducement of the arbitration clause itself, standing apart from the whole agreement, that would provide grounds for the revocation of the agreement to arbitrate.'" *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 394 (2003) (quoting *Arnold v. Arnold Corp.-Printed Communications for Bus.*, 920 F.2d 1269, 1278 (6th Cir.1990)). Plaintiffs' complaint does not allege a claim of fraud in the inducement of the arbitration clause itself. The arbitration clause is valid and enforceable.

## B. Improper Venue

This Court has concluded that this matter must be litigated in arbitration. Therefore, the Court need not address the venue issue.

## III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' motion to dismiss (Doc. No. 4).

SO ORDERED.

5

                                                                              s/Paul D. Borman  
                                                                              PAUL D. BORMAN  
                                                                              UNITED STATES DISTRICT JUDGE

Dated: July 27, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 27, 2009.

                                                                              s/Denise Goodine  
                                                                              Case Manager