**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

W. ALVIN JACKSON, RITA F. JACKSON,
ANGELA O'MARA, BRIAN DAVIS, KELLI
DAVIS, DAVID PATTERSON, TANJA
DEHOFF, JAMIE HARNETT, JIM
SCHAEFER, LAURA SCHAEFER, CARISSA
ROMAN, DANIEL ROMAN, JANET
ROLLINS and COLETTE GIVINS,

        Plaintiffs,

v.

MIKE BUTLER, KATHY BUTLER, DANIEL
FRAGEN and PRS FRANCHISE SYSTEMS,
LLC,

        Defendants.
_____/

Case Number: 09-10779

JUDGE PAUL D. BORMAN
UNITED STATES DISTRICT COURT

**OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION FOR CLARIFICATION OF JUDGMENT**

    Before the Court is Plaintiffs' Motion for Clarification of Judgment, filed July 31, 2009. (Doc. No. 17). Defendants responded on August 4, 2009. (Doc. No. 18). Having reviewed the submissions of the parties, the Court **DENIES** Plaintiffs' motion.

    On July 27, 2009, the Court issued an Opinion and Order Granting Defendants' Motion to Dismiss, on the ground that the parties agreed to arbitrate this dispute. (Doc. No. 15). Thereafter, the Court entered a standard judgment in favor of Defendants, thereby closing the case. (Doc. No. 16). The Judgment stated:

    This action came to trial or hearing before the Court. The issues have been duly tried or heard and a decision has been rendered.

1

The Court has ordered that Plaintiff(s) recover nothing, the action be dismissed on the merits, and the Defendant(s) recover costs from Plaintiff(s). Judgment for Defendants, 7/27/09.

Plaintiffs move the Court, pursuant to Federal Rule of Civil Procedure 60, for clarification or relief from the July 27, 2009, Judgment, entered by this Court. Plaintiffs argue that the Court improperly entered a judgement, after the Court dismissed Plaintiffs' lawsuit, because the Court's order granting Defendants' motion to dismiss was a final order and it was not necessary to enter a judgment. (Pls.' Mot. 3). Plaintiffs further argues that the judgment "was factually incorrect because the issues were not 'duly tried or heard' and no decision was ever rendered 'on the merits.'" (*Id.*)

Defendants respond that the Court properly entered a judgment following the dismissal of Plaintiffs' complaint. (Defs.' Br. 3). Defendants also contend that Plaintiffs have not shown the applicability of Fed. R. Civ. P. 60, which allows for the relief from a final judgment based on mistake, inadvertence, surprise or excusable neglect. (*Id.*)

Federal Rule of Civil Procedure 60 enumerates the grounds upon which a party may obtain relief from a judgment. Those grounds are:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier

2

judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60.

Plaintiffs have not established that they are entitled to relief under Fed. R. Civ. P. 60. Plaintiffs have not presented any evidence or persuasive legal precedent showing that they should be granted relief on any of the grounds laid out in Fed. R. Civ. P. 60.

The judgment was entered after this Court issued an opinion and order dismissing Plaintiffs' complaint. This judgment was entered after the Court heard oral argument on the issues. Judgment is entered because no claims in the lawsuit remain. The Court dismissed Plaintiffs' complaint. Therefore, a judgment closing out the case was entered. No error appears on the face of the judgment, and no other reason exists to modify the judgment.

Accordingly, the Court **DENIES** Plaintiff's Motion for Clarification of Judgment (Doc. No. 17).

SO ORDERED.

S/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: August 18, 2009

3

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 18, 2009.

                                                S/Denise Goodine
                                                Case Manager