**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

W. ALVIN JACKSON, RITA F. JACKSON,
ANGELA O'MARA, BRIAN DAVIS, KELLI
DAVIS, DAVID PATTERSON, TANJA                    Case Number: 09-10779
DEHOFF, JAMIE HARNETT, JIM
SCHAEFER, LAURA SCHAEFER, CARISSA                JUDGE PAUL D. BORMAN
ROMAN, DANIEL ROMAN, JANET                       UNITED STATES DISTRICT COURT
ROLLINS and COLETTE GIVINS,

                Plaintiffs,

v.

MIKE BUTLER, KATHY BUTLER, DANIEL
FRAGEN and PRS FRANCHISE SYSTEMS,
LLC,

                Defendants.
_____ /

**OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

      Before the Court is Plaintiffs' Motion for Reconsideration, filed August 27, 2009. (Doc. No.

24). For the reasons stated below, the Court **DENIES** Plaintiffs' motion.

      On July 31, 2009, Plaintiffs moved the Court, pursuant to Federal Rule of Civil Procedure

60, for clarification or relief from the July 27, 2009, Judgment, entered by this Court. Plaintiffs

argued that the Court improperly entered a judgement, after the Court dismissed Plaintiffs' lawsuit,

because the Court's order granting Defendants' motion to dismiss was a final order and it was not

necessary to enter a judgment. (Pls.' Mot. 3). Plaintiffs further argued that the judgment "was

factually incorrect because the issues were not 'duly tried or heard' and no decision was ever

rendered 'on the merits.'" (*Id.*)

On August 18, 2009, the Court denied Plaintiff's motion for clarification, on the grounds that the judgment was not erroneously entered, no error appeared on the face of the judgment, and no other reason to modify the judgment existed. *Opinion and Order Denying Plaintiffs' Motion for Clarification of Judgment*, Aug. 18, 2009 (Doc. No. 21).

In the instant motion, Plaintiffs seek reconsideration of the Court's August 18, 2009 Opinion and Order.

Eastern District of Michigan Local Rule 7.1(g) provides the standards for a motion for reconsideration, and states:

> [T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997). "A trial court may grant reconsideration under Fed. R. Civ. P. 59(e) for any of four reasons: (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; (3) to correct a clear error of law; or (4) to prevent manifest injustice." *Hayes v. Norfolk Southern Corp.*, 25 Fed. Appx. 308, 315 (6th Cir. Dec. 18, 2001) (unpublished).

Plaintiffs have not demonstrated a palpable defect, or that correcting the defect would result in a different disposition of the case. *See* L.R. 7.1(g). The Court properly entered a judgment, following its decision to dismiss Plaintiffs' claims. As the Court stated in its August 18, 2009 Opinion and Order, the Court entered a judgment because there are no claims remaining in this case.

2

The judgment is not factually incorrect.  The issues in this case were duly heard and the Court rendered a decision.  Moreover, Plaintiffs have not shown that correcting the alleged defect of entering the judgment as written would change the disposition of the case.

Indeed, it appears that Plaintiffs are seeking modification of the judgment solely to avoid paying costs to Defendants.  Plaintiffs prayer for relief states:

> WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant Plaintiffs' Motion for Reconsideration and Amend to [sic] the Judgment entered on July 27, 2009 to state:
>
> > This action came to trial or hearing before the Court.  The issues have been duly tried or heard and a decision has been rendered.
> >
> > The Court has ordered that Plaintiff [sic] recover nothing, and no costs to either party.

(Pls.' Mot. 4).

Plaintiffs' desire to avoid costs does not warrant reconsideration of this judgment.   The Court entered a judgment on behalf of Defendants, following Defendants' successful motion to dismiss.  The judgment contains no error; Defendants may recover costs from Plaintiffs, as provided by law.

Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration (Doc. No. 24).

SO ORDERED.


S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 8, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 8, 2009.

S/Denise Goodine
Case Manager