UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

W. ALVIN JACKSON, et al.,

        Plaintiffs,

v.

MIKE BUTLER, et al.,

        Defendants.

_____/

CIVIL ACTION NO. 09-10779

DISTRICT JUDGE PAUL D. BORMAN

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**:

I recommend that Defendant PRS Franchise Systems, LLC, be awarded attorney fees in the sum of $9,450.00, together with such costs as may be taxed by the clerk of the court in accordance with Fed.R.Civ.P. 54 and E.D. MI LR 54.1.

**II.   REPORT**:

    **A.   Procedural History**

Plaintiffs' Complaint was filed on March 2, 2009. Plaintiffs alleged that the Defendants engaged in racketeering, fraud and violations of the Michigan Franchise Investment Law in connection with the formation of certain franchise agreements between themselves and Defendant PRS Franchise Systems, LLC ("PRS"). Defendants filed their Motion to Dismiss on April 14, 2009, asserting improper venue and seeking to enforce a mandatory mediation/arbitration clause which appeared in each of the Plaintiffs' various franchise agreements. Plaintiffs filed their Response to the Motion to Dismiss on May 21, 2009, and Defendants filed their Reply Brief on June 15, 2009. The Motion was heard by the district judge on July 2, 2009.

On July 27, 2009, the court entered its Opinion and Order granting Defendants' Motion to Dismiss. The district judge determined that the arbitration provision contained in each of the Plaintiffs' franchise agreements is valid and enforceable. The court determined that the provision encompasses Plaintiffs' entire dispute against the Defendants in this action. Accordingly, the Motion to Dismiss was granted, on July 27, 2009, as follows:

> This action came to trial or hearing before the court. The issues have been duly tried or heard and a decision has been rendered.
>
> The court has ordered that the Plaintiff(s) recover nothing, the action be dismissed on the merits, and the Defendant(s) recover costs from Plaintiff(s).

Judgment for Defendants, Docket Entry 16.

Plaintiffs filed a Motion to Amend/Correct Judgment on July 31, 2009. Defendants filed their Response on August 4, 2009. In an Opinion and Order on August 18, 2009, the court denied the Motion. Plaintiffs moved for reconsideration of that decision on August 27, 2009. Reconsideration was denied in an Opinion and Order of September 8, 2009.

On August 6, 2009, following the entry of Judgment in their favor, Defendants filed their Motion for Costs. The Motion seeks an award of both costs and attorney fees pursuant to Fed.R.Civ.P. 54(d). Defendants asserted that an award of fees and costs is permitted under 28 U.S.C. §§1920 and 1923. Plaintiffs filed their Response in Opposition to the Motion on August 17, 2009. The matter was referred to the undersigned magistrate judge by Order of Reference on August 18, 2009. The Motion was brought on for hearing on September 8, 2009, and held in abeyance pending Defendants' submission of a Bill of Costs to the Clerk of the Court and the filing a Supplemental Brief.

Defendants' Bill of Cost was submitted to the Clerk on September 11, 2009. The Clerk taxed costs in the amount of $0.00 against Plaintiffs on September 18, 2009. The

hearing was resumed on October 22, 2009, and the issue of fees and costs was taken under advisement.

### B.  Applicable Law and Standard of Review

Fed.R.Civ.P. 54(d) provides as follows:

> **(d) Costs; Attorney's Fees.**
>
> > **(1) Costs Other Than Attorney's Fees.** Unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 1 day's notice. On motion served within the next 5 days, the court may review the clerk's action.
> >
> > **(2) Attorney's Fees.**
> >
> > > **(A)** *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
> > >
> > > **(B)** *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:
> > >
> > > > **(i)** be filed no later than 14 days after the entry of judgment;
> > > >
> > > > **(ii)** specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
> > > >
> > > > **(iii)** state the amount sought or provide a fair estimate of it; and

>> **(iv)** disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.
>
> **(C)** *Proceedings.* Subject to Rule 23(h), the court must, on a party's request, give an opportunity for adversary submissions on the motion in accordance with Rule 43(c) or 78. The court may decide issues of liability for fees before receiving submissions on the value of services. The court must find the facts and state its conclusions of law as provided in Rule 52(a).
>
> **(D)** *Special Procedures by Local Rule; Reference to a Master or a Magistrate Judge.* By local rule, the court may establish special procedures to resolve fee-related issues without extensive evidentiary hearings. Also, the court may refer issues concerning the value of services to a special master under Rule 53 without regard to the limitations of Rule 53(a)(1), and may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter.
>
> **(E)** *Exceptions.* Subparagraphs (A)-(D) do not apply to claims for fees and expenses as sanctions for violating these rules or as sanctions under 28 U.S.C. §1927.

**C.** **Analysis**

As a general rule, the federal courts apply the traditional "American Rule" that each party to a lawsuit must pay its own attorney's fees. See Alyeska Pipeline Serv. Co. v.

Wilderness Society, 421 U.S. 240, 247-57 (1995). Although Congress has made specific provision for the recovery of attorney fees under certain federal statutes, it has not repudiated the general rule. Supreme Court cases have reaffirmed the general proposition that, absent statutory or enforceable contract provisions to the contrary, litigants must pay their own attorney's fees. See F.D. Rich Co., Inc. v. U.S. For Use of Indus. Lumber Co., Inc., 417 U.S. 116, 128-31 (1974); Hall v. Cole, 412 U.S. 1, 4 (1973). Thus a prevailing party may normally recover no more than the "costs" enumerated in 28 U.S.C. §§1920 and 1923.  Under §1920, a court may tax as costs the various items specified, including the "docket fees" under §1923(a). The latter  section provides that "[a]ttorney's and proctor's docket fees in courts of the United States may be taxed as costs as follows: $20.00 on trial or final hearing (including a default judgment whether entered by the court or by the clerk) in civil, criminal or admiralty cases . . .." In the case at bar, however, Defendant seeks far more than the $20.00 fee which §1923 authorizes as part of a prevailing party's entitlement to costs.

Defendants are seeking an award of $11,340.00, including 37.8 hours of attorney time billed at the rate of $300.00 per hour.  Their Motion cites only 28 U.S.C. §§1920 and 1923 and Fed.R.Civ.P. 54(d) in support of the request.  As stated above, the U.S. Code Sections relied upon would authorize a maximum award of $20.00.  While they assert that "Fed.R.Civ.P. 54(d) provides for costs and attorney fees," their initial Motion and Brief failed to "specify the . . . statute, rule, or other grounds entitling the movement to the award," as required by Fed.R.Civ.P. 54(d)(2)(B)(ii).  At the hearing on the Motion, however, counsel for Defendants clearly relied upon the terms of the PRS contracts with the Plaintiffs as a basis for the relief requested.  Accordingly, I directed Defendants to file a Supplemental

Brief disclosing "the terms of any agreement about fees for the services for which the claim is made," in accordance with Fed.R.Civ.P. 54(d)(2)(B)(iv). I further directed that Defendants submit a Bill of Costs to the Clerk of the Court.

In their Supplemental Brief, Defendants rely upon §21.3 of PRS's respective contracts with the Plaintiffs. That common contract provision provides as follows:

> 21.3 Costs of Enforcement or Defense.
>
> If franchisor or franchisee is required to enforce this agreement in a judicial or arbitration proceeding, the prevailing party shall be entitled to reimbursement of its costs, including reasonable accounting and legal fees, in connection with such proceeding.

Defendants maintain that PRS was required to enforce the mandatory arbitration provision in their agreements in this judicial proceeding and, accordingly, is entitled to recover reasonable accounting and legal fees. I agree. It is clear that this court has found the arbitration clause to be valid and enforceable. I am satisfied that the terms of §21.3 in each of the contracts is similarly valid and enforceable. Accordingly, I conclude that the terms of that section should be given effect in this case. See Morris v. Homeowners Loan Corp., 2007 WL 674770 (E.D. MI).

Plaintiffs argue in their Response to Defendants' Motion for Costs that their Complaint did not state a contract claim. They imply that, in the absence of such a claim, Defendants could not have been required to enforce their respective agreements. I find that argument unpersuasive. The Complaint makes it plain that the causes of action asserted are based on the communications and negotiations which gave rise to the contractual relationship between Plaintiffs and PRS. Absent the creation of that contractual relationship, there would be no case or controversy. Defendants quite correctly based their

6

Motion to Dismiss upon the terms of the Plaintiffs' contracts. The court considered and accepted as valid and enforceable the contractual provision relating to mandatory arbitration. Plaintiffs cannot plausibly maintain that the terms of the contract are irrelevant to their claims. In fact, Plaintiffs' counsel, in oral argument, declared that this lawsuit was filed, despite the arbitration clause, in order to challenge its enforceability. That challenge was considered and rejected by the court. The Judgment of Dismissal reflects the court's conclusion that the terms of the Plaintiffs' written agreements with PRS defines their legal relationship and dictates the disposition of their disagreements. I am fully satisfied that Defendants' Motion to Dismiss constituted an effort to enforce the contract in a judicial proceeding, and that Defendant PRS is entitled to an award of its attorney's fees in connection with that successful effort.

Plaintiffs rely upon Lindsly v. Worley, 2009 WL 2044811 (S.D. Ohio) for the proposition that an award of costs and attorney fees is inappropriate despite the court's enforcement of an arbitration agreement. That case, however, is inapposite. Dismissal of that plaintiff's civil rights complaint was based upon his failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act. There was no consideration of the merits of the underlying claims. In fact, those claims were reasserted in identical form following the plaintiff's release from custody (and from the restrictions of the PLRA). In the case at bar, the district judge ruled that the terms of the contract encompassed the entirety of Plaintiffs' claims, and dismissed the Complaint on the merits. Defendants were prevailing parties.

Plaintiff further relies upon Cook v. All State Home Mortg., Inc., 2009 WL 1391527 (6th Cir. (Mich)). In that case, a district judge enforced an arbitration agreement, but denied

7

the defendant's motion for costs and attorney fees. The circuit court affirmed that decision. A careful reading of the case, however, reveals that the affirmance was based upon the narrow language of the contract, and not upon a finding that attorney fees are unwarranted in all circumstances. In fact, the circuit court distinguished the case before it from <u>Morris v. Homeowners Loan Corp.</u>, 2007 WL 674770 (E.D. Mich.), in which a Michigan federal district court held plaintiffs responsible for reimbursing the defendant's attorney's fees and costs pursuant to a broadly written contract clause. Thus, <u>Cook</u> actually supports Defendants' position in the case at bar, as the terms of contract §21.3 are broad and unrestricted.

Plaintiffs' argue that the attorney fee provisions of §21.3 of their contracts only enures to the benefit of the "franchisor" or "franchisee." That argument is fully consistent with the plain language of the documents. Defendants Butler, Butler and Fragen are not parties to the contracts, and only Defendant PRS, as franchisor, is entitled to the attorney fee award. Nonetheless, I accept the argument of defense counsel that they would have expended essentially the same number of hours in the defense of PRS alone as were expended on behalf of all the Defendants. Accordingly, I am satisfied that, while PRS alone is entitled to a fee award, no reduction in that award should be made by reason of the fact that the individual Defendants were benefitted as well.

The only remaining issue is the reasonableness of the fee request.

> A starting point is to calculate "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." (This is known as the "lodestar" calculation.) The court should then exclude excessive, redundant, or otherwise unnecessary hours. Next, the resulting sum should be adjusted to reflect the "result obtained."

8

Wayne v. Village of Sebring, 36 F.3d 517, 531 (6th Cir. 1994) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983) (calculation of attorney fees under 42 U.S.C. §1988). The lodestar approach has been adopted by our Circuit for determining reasonable attorney's fees in a number of litigation contexts.

For purposes of the lodestar calculation, a reasonable hourly rate for attorney fees is determined by reference to the marketplace. Missouri v. Jenkins, 491 U.S. 274, 285 (1985). The court requires more than a mere affidavit that the attorney claimant charges a particular rate. Rather, the claimant must provide evidence of the prevailing rates in the relevant community. Blum v. Stenson, 465 U.S. 886, 896 n.1 (1984). A higher level of attorney experience warrants the award of a higher fee. Id. While some courts apply higher hourly rates to in court work than out of court services, most apply a flat rate for all work by a particular attorney. See In Re: Meese, 907 F.2d 1192, (D.C. Cir. 1990).

In calculating the fee to be imposed, the court must multiply the appropriate hourly rate by the number of hours reasonably expended in rendering the service. Hours attributable to excessive, redundant or otherwise unnecessary work must be excluded. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). Thus, courts have reduced fee awards where the requested fee reflected duplication of services, excessive time for simple or routine tasks, the use of too many attorneys, excessive conferencing, unnecessary consultant work, or the performance of clerical tasks by legal professionals. Hirsch and Sheehey, Awarding Attorneys Fees and Managing Fee Litigation (2nd Ed.), Federal Judicial Center 2005, p. 26. Nonetheless, "courts have held that it is improper to engage in an 'ex post facto determination of whether attorney hours were necessary to the relief obtained.' The issue 'is not whether hindsight vindicates an attorney's time expenditures, but whether

at the time the work was performed a reasonable attorney would have engaged in similar time expenditures.'" Id. at 29 (citing Grant v. Martinez, 973 F.2d 96, 99 (2nd Cir. 1992) cert. denied, 113 S.Ct. 978 (1973); Woolridge v. Marlene Indus. Corp., 898 F. 2d 1169, 1177 (6th Cir. 1990).

It is the fee claimant's obligation to provide sufficient documentation of the hours spent as well as of the market rate. Inadequate documentation is grounds for a reduction of the award. Hensley, 461 U.S. at 433. A diary or journal is not essential, but most courts prefer contemporaneous fee records as documentation of the time expended.

Unfortunately, counsel for Defendants have not provided information to support the $300.00 per hour billing rate reflected in their attorney fee request. The Motion papers do reflect their association with a well established law firm of more than 150 attorneys. Their Michigan Bar registration numbers indicate that they have been members of the bar for twenty or more years. The 2007 Economics of Law Practice Summary Report by the State Bar of Michigan states that the median hourly rate for attorneys in the 20 to 29 year experience range is $200.00, and that the 75th percentile rate is $250.00. In view of the level of success achieved in their representation of Defendants in this action, I find that a reasonable hourly rate for the services rendered to the moving Defendants is $250.00 per hour.

Counsel for Defendants have produced copies of their billing invoices reflecting the hours of work expended in the defense of this action. (Docket Entry No. 19, Motion for Costs, Exhibit B). Upon my review of the docket sheet, Complaint and Motion papers, I am satisfied that the 37.8 hours of attorney time devoted to the defense case is reasonable. "The issue 'is not whether hindsight vindicates an attorney's time expenditures, but whether

at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" Hirsch and Sheehey, Awarding Attorney Fees and Managing Fee Litigation (2nd Ed.), Federal Judicial Center 2005, p. 25. (Citing Golfstream 3 Assocs., Inc. v. Gulfstream Aerospace Corp., 995 F.2d 414, 420 (3rd Cir. 1993)). Under the facts of the case at bar, I would be hard pressed to determine that the time invested in a fully successful defense was unwarranted.

The attorney fee statements submitted in support of the instant Motion include charges for court fees, copy expenses and filing clerk services. I do not recommend that those amounts be recovered as part of an attorney fee award. To the extent that such amounts represent non-taxable costs, I find that they represent routine expenditures in the course of legal representation, and are reflecting in the standard hourly rate charged by the attorneys of record. I conclude that only the attorney time should be included in an award pursuant to the instant Motion.

For all of the above reasons, I recommend that Defendant PRS Franchise Systems LLC recover judgment against the Plaintiffs in the sum of $9,450.00, as reasonable attorney fees, together with such costs as the Clerk of the Court may tax in accordance with Fed.R.Civ.P. 54(d)(1).

### III.     **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v.

Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                        s/Donald A. Scheer
                                                        DONALD A. SCHEER
                                                        UNITED STATES MAGISTRATE JUDGE

DATED: November 25, 2009

_____

**CERTIFICATE OF SERVICE**

I hereby certify on November 25, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 25, 2009: **None.**

                                                        s/Michael E. Lang
                                                        Deputy Clerk to
                                                        Magistrate Judge Donald A. Scheer
                                                        (313) 234-5217